# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 11, 2018

Lyle W. Cayce
Clerk

No. 16-10537

CHARLA ALDOUS; CHARLA G. ALDOUS, P.C., doing business as Aldous Law Firm,

Plaintiffs - Appellants Cross-Appellees

v.

DARWIN NATIONAL ASSURANCE COMPANY,

Defendant - Appellee Cross-Appellant

Appeals from the United States District Court
for the Northern District of Texas

ON PETITION FOR REHEARING

Before REAVLEY, ELROD, and GRAVES, Circuit Judges.

REAVLEY, Circuit Judge:

In her appeal to this court, Charla Aldous asked that we "reverse" *Parkans International LLC v. Zurich Insurance Co.*, 299 F.3d 514 (5th Cir. 2002). We observed our lack of authority to do so and applied the case. *See Aldous v. Darwin Nat'l Assurance Co.*, 851 F.3d 473, 485 (5th Cir. 2017) ("We are not at liberty to second-guess this ruling."). Under *Parkans* and its so-called "independent injury" rule, Aldous's claims under the Texas Insurance Code Chapter 541 (and those Insurance Code claims brought derivatively

No. 16-10537

under the Deceptive Trade Practices Act[1]) were barred because she did not claim damages beyond the loss of policy benefits. *See Parkans*, 299 F.3d at 519 ("There can be no recovery for extra-contractual damages for mishandling claims unless the complained of actions or omissions caused injury independent of those that would have resulted from a wrongful denial of policy benefits.").

The Supreme Court of Texas has since handed down *USAA Texas Lloyds Co. v. Menchaca*, No. 14-0721, 2018 WL 1866041, at *10 (Tex. Apr. 13, 2018), in which the Court cleared up some lingering confusion created by its past caselaw.[2] Relevant here, *Menchaca* repudiated the independent-injury rule, clarifying instead that "an insured who establishes a right to receive benefits under an insurance policy can recover those benefits as 'actual damages' under the statute if the insurer's statutory violation causes the loss of benefits." *Id.* Put simply, *Parkans*'s categorical bar does not hold up in the face of *Menchaca*.

Aldous seizes upon *Menchaca* in her petition for rehearing, but because *Menchaca* issued beyond our 14-day timeline, Aldous's petition was untimely. FED. R. APP. P. 40(a)(1). Yet, because we retain jurisdiction over the appeal until we issue the mandate, and because Aldous had good cause for her late filing (indeed, a petition for rehearing before *Menchaca* would have been baseless in light of *Parkans*), we granted Aldous's motion for leave to file her petition out of time. *See* FED. R. APP. P. 26(b).

---

[1] Aldous brought additional claims under the Deceptive Trade Practices Act (for misrepresentation and unconscionable conduct). The district court dismissed those claims on grounds independent from *Parkans*, and Aldous never challenged that dismissal. *See Charla G. Aldous PC v. Lugo*, No. 3:13–CV–3310–L, 2014 WL 5879216, at *6–8 & n.7 (N.D. Tex. Nov. 12, 2014). We did not (and need not now) address those claims.

[2] After a lengthy post-decision review, the Supreme Court of Texas withdrew its original opinion and substituted it with an opinion that unanimously reaffirmed the legal principles relevant to our case. We waited for the decision to become final before issuing this order.

No. 16-10537

Darwin does not contest that *Menchaca* casts aside the independent-injury rule (the very basis for both the district court's decision and our own). Rather, Darwin offers a multitude of alternative grounds upon which we can nevertheless affirm the denial of Aldous's extra-contractual claims (no compensable loss, no actionable misrepresentations, no falsity, etc.). Ultimately, in our discretion, we find that these alternative arguments are best addressed by the district court for the first time on remand. *See E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 485 n.16 (5th Cir. 2014).

Aldous's petition for panel rehearing is GRANTED, and we now VACATE the district court's dismissal of Aldous's claims under Chapter 541 of the Insurance Code (and those derivate Insurance Code claims brought under the Deceptive Trade Practices Act). The district court shall reconsider those claims on remand. Our prior opinion is revised to rescind Part III.B.4, but in all other respects, as supplemented here, it is reaffirmed and reinstated.

Darwin's petition for panel rehearing, on the other hand, is DENIED.